## D. M. OSBORNE & Co. *vs.* JAMES E. WILLIAMS.

### December 12, 1887.

**Discretion of Court—Amendments—Leading Question.**—The allowing of an amendment to a pleading at the trial, and of leading questions to a witness, *held* to be within the discretion of the court.

**Appeal—Issues tried without Objection.**—After having litigated a question of fact without objection, it is too late to claim that the pleading of the adverse party did not sufficiently aver the fact in controversy.

Evidence considered as justifying the verdict.

Appeal by plaintiff (a corporation) from an order of the district court for Grant county, *Baxter*, J., presiding, refusing a new trial, after a verdict for defendant.

*Russell, Emery & Reed*, for appellant.

*J. W. Reynolds*, for respondent.

DICKINSON, J. We will consider the appellant's assignments of error in the order in which they are presented.

1. There was a proper exercise of the discretion of the court in allowing the defendant, at the commencement of the trial, to amend his answer in respect to the value of the use of the property taken from the defendant from the time of its taking to the time of the trial. No prejudice was shown, and none is to be presumed.

2. The examination of witnesses by leading questions, allowed for the most part without objection, was not error.

3. Under an averment in the answer that a machine was wholly

worthless and valueless, "either as a harvester or binder, or both," evidence was received without objection, as appears from the amended return, that the machine was wholly worthless. The parties evidently litigated without objection the question whether the machine had any value, and it is now too late to urge the point that the answer, in the qualified terms above recited, was insufficient to justify the proof.

4. The assignment that it was error to receive testimony as to the value of the use of the horses is not available, for there was no objection to the evidence.

5. The only point presented by the appellant upon which there can be any doubt is as to whether the evidence justified the finding that the machine was wholly valueless. Not without some hesitation, we have come to the conclusion that the verdict in this particular was justified. We deem it unnecessary to recite the somewhat voluminous evidence bearing upon this question.

Order affirmed.